## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

ANDRE BOLIN,                    )
Register No. 502741,           )
                               )
                Plaintiff,     )
                               )
        v.                     )         No. 02-4245-CV-C-NKL
                               )
C.O.I RUDE, et al.,            )
                               )
                Defendants.    )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, commenced this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

A review of the record indicates defendant Mary Claeys has not been served with process. Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, it has been more than 120 days since plaintiff's original and amended complaints were filed naming Mary Claeys as a defendant.

On August 9, 2005, the court directed plaintiff to show cause why his claims against named defendant Mary Claeys should not be dismissed, pursuant to Fed. R. Civ. P. 4(m), for failure to supply the court with an address for service of process.

On August 26, 2005, plaintiff responded, stating that numerous attempts have been made at service of process, and requested an extension of time to obtain service of process at a possible address in California.

This case was originally filed on November 8, 2002, and there is an impending trial date set for December 12, 2005. Moreover, the court notes that defendant Claeys is not pertinent to plaintiff's central claims against defendant Rude, which allege that Rude assaulted plaintiff and, subsequently, denied him medical treatment for his injury. Pursuant to plaintiff's Amended Complaint filed February 3, 2005, plaintiff's claims against Claeys are based only upon allegations that on one occasion, defendant Claeys denied him a change of bandage for his injured finger. Therefore, upon review and consideration, it is

ORDERED that plaintiff's request for an extension of time is denied [92]. It is further

RECOMMENDED that plaintiff's claims against defendant Mary Claeys be dismissed, pursuant to Fed. R. Civ. P. 4(m).

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within ten days. If additional time is needed, a motion for an extension of time must be filed within ten days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 1st day of September, 2005, at Jefferson City, Missouri.


/s/_____

WILLIAM A. KNOX
United States Magistrate Judge