ANDRE BOLIN,                                    )
Register No. 502741,                            )
                                                )
                    Plaintiff,                  )
                                                )
            v.                                  )        No. 02-4245-CV-C-NKL
                                                )
C.O.I RUDE,                                     )
                                                )
                    Defendant.                  )

## ORDER

On July 1, 2005, defendant Rude filed a motion for summary judgment on plaintiff's 42 U.S.C. § 1983 and Missouri state law assault and battery claims. Plaintiff filed suggestions in opposition on August 17, 2005; defendant filed a reply on September 16, 2005; and plaintiff filed a sur-reply on September 6, 2005.

Defendant Rude's motion for summary judgment argues that plaintiff has no evidence that defendant's action of allegedly closing the food port door on plaintiff's finger was done maliciously or sadistically with the intent of harming plaintiff, in violation of the Eighth Amendment. Defendant further argues that plaintiff has no evidence defendant acted with deliberate indifference to plaintiff's medical need, in violation of the Eighth Amendment. Defendant argues he was not aware of plaintiff's serious medical need when he walked away from plaintiff's cell, and furthermore, that plaintiff admits his delay in receiving medical care was no more than a minute beyond the time defendant walked away from plaintiff's cell. Defendant also argues he is entitled to qualified immunity on plaintiff's 42 U.S.C. § 1983 claims. Finally, defendant argues plaintiff has failed to set forth evidence supporting his state law assault and battery claims and that such claims are further barred by the statute of limitations, Eleventh Amendment and official immunity, as well as the public duty doctrine.

Plaintiff argues in opposition to defendant Rude's motion for summary judgment that there is a genuine dispute of material fact as to how plaintiff's fingertip was severed from his

hand. Plaintiff states defendant Rude's deposition testimony alleging that plaintiff slammed the chuckhole (food port door) himself, accidentally severing his fingertip, and then pulled off his finger and threw it out of the cell, is disputed by plaintiff's sworn complaint and testimony, and the affidavits of two other inmate witnesses. Plaintiff further argues that defendant's action of walking away from plaintiff's cell after he was injured without seeking medical assistance and his statement to plaintiff, "good, I hope it hurt like hell," are sufficient for a jury to reasonably conclude that defendant Rude was deliberately indifferent to plaintiff's health and safety. Plaintiff further argues he has set forth sufficient facts to state a claim under state law assault and battery and that such claims are not barred by the statute of limitations. Finally, plaintiff argues defendant is not entitled to immunity as to plaintiff's state or federal claims.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Chelates Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Chelates*, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Hass v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment. Fed. R. Civ. P. 56(c).

*Excessive Force*

Prison officials may use force that is reasonable and necessary under the circumstances to achieve a legitimate penal objective. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "'unnecessary and wanton infliction of pain,'" however, violates the Eighth Amendment. *Id.* at 319 (citation omitted). Thus, when a prisoner alleges prison officials used excessive force, the appropriate test is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Prison officials act maliciously when they "undertak[e], without just cause or reason, a course of action intended to injure another"; they act sadistically when they "engag[e] in extreme or excessive cruelty." *Howard v. Barnett*, 21 F.3d 868, 872 (8th Cir. 1994). In determining whether prison officials acted maliciously and sadistically for the purpose of causing harm, the fact finder should consider the threat the officials reasonably perceived, the need for force, the relationship between the need for force and the amount of force used, and the injuries inflicted. *Id.* at 871.

Prison officials are not liable under the Eighth Amendment simply because it appears, in retrospect, that they used an unreasonable amount of force. *Whitley*, 475 U.S. at 319; *Jasper v. Thalacker,* 999 F.2d 353, 354 (8th Cir. 1993). When faced with a disturbance, prison officials must act quickly and decisively to restore order. *Hudson,* 503 U.S. at 6. Courts should not interfere with prison administration unless officials have acted in bad faith or without any legitimate purpose. *Stenzel v. Ellis*, 916 F.2d 423, 427 (8th Cir. 1990).

Although serious injury is not required to show cruel and unusual punishment, *Hudson v. McMillian,* 503 U.S. 1 (1992), it is a factor that may be considered. *Howard*, 21 F.3d at 871.

In the instant case, the parties' respective factual accounts of how plaintiff's finger was severed are in dispute. In viewing the facts presented in the light most favorable to the plaintiff, and giving plaintiff the benefit of all reasonable inferences which may be drawn

3

from his account of the facts, the court finds that if plaintiff's account of the facts is believed, a reasonable jury could find that defendant Rude's action of slamming the chuck hole door shut on plaintiff's finger constituted an excessive use of force against plaintiff. Therefore, because there is a genuine dispute of material fact as to what actually occurred which lead to plaintiff's finger being severed, summary judgment is not proper and should be denied on plaintiff's claims of excessive use of force by defendant Rude.

*Medical Claims*

To succeed on his Eighth Amendment medical claims, plaintiff must allege and prove, by a preponderance of the evidence, a "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials may not be held liable under 42 U.S.C. § 1983 for mere negligence in the treatment of an inmate. *Id*. The standard for "deliberate indifference" includes an objective and a subjective component. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Thus, to prevail on his claims, plaintiff must show 1) that the medical deprivation was objectively sufficiently serious; and 2) that prison officials subjectively knew about the deprivation and refused to remedy it. A serious medical need is defined as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (quoting *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991)); *see also Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (citing *Camberos v. Branstad*, 73 F.3d at 176). When an inmate alleges a delay in medical treatment constituted a constitutional deprivation, the objective seriousness of the deprivation is also measured by reference to the effect of the delay in treatment. *Coleman v. Rahija*, 114 F.3d at 784 (citing *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997); *see also Beyerbach v. Sears*, 49 F.3d at 1326. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (quoting *Hill v. Dekalb Regional Youth Detention Ctr*., 40 F.3d 1176, 1188 (11th Cir. 1994)).

4

In the instant case, there is a genuine issue of material fact as to the nature of the injury to plaintiff's finger, and defendant's failure to seek medical care for plaintiff. Although defendant states he did not perceive plaintiff's finger injury to be a serious medical need, the court finds that if plaintiff's account of the facts is believed, a reasonable jury could find that a severed finger is a serious medical need. Additionally, a reasonable jury could infer from Rude's statement "good, I hope it hurt like hell," and action of walking away from plaintiff's cell without seeking medical attention for plaintiff's finger, that defendant was deliberately indifferent to the serious medical needs of plaintiff's severed finger.

Although plaintiff is unlikely to be able to show the minute delay that occurred between the time defendant walked away from his cell, and the time other inmates found plaintiff's finger outside the chuck hole and called for help, caused a detriment to plaintiff's medical prognosis, the court finds that defendant cannot rely upon the doctrine of "detrimental effect" as a defense where he is the individual who is alleged to have inflicted the immediate and serious medical need upon plaintiff. A defendant cannot refuse to seek medical care for a serious injury he inflicts, and then argue as a defense that because the victim was promptly helped by others, he is not liable. Therefore, defendant Rude's motion for summary judgment should be denied as to plaintiff's claims of deliberate indifference.

*Qualified Immunity*

Based on the above findings, the court finds defendant Rude is not entitled to qualified immunity. Government employees are protected from suit by qualified immunity unless their conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). In *Saucier v. Katz,* 533 U.S. 194 (2001), the court set forth a two-part analysis to be used when determining whether defendants are entitled to qualified immunity. The threshold question is "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" The next step is to ask whether "the right was clearly established . . . in light of the specific context of the case." The court goes on to explain that "[t]he question is what the officer reasonably understood his powers and responsibilities to be, when he acted, under clearly established standards."

In the instant case, taking the evidence in the light most favorable to the plaintiff, the court finds there is sufficient evidence that defendant may have violated plaintiff's Eighth Amendment rights. The court further finds that such rights under the Eighth Amendment dealing with excessive use of force and deliberate indifference to a serious medical need, as set forth in the discussion above, were clearly established at the time of the alleged incident. Therefore, defendant Rude's motion for summary judgment on grounds of qualified immunity should be denied.

*State Law Assault and Battery*

The alleged assault giving rise to plaintiff's state claims of assault and battery occurred on July 10, 2000. Plaintiff filed his original complaint with this court on November 8, 2002, approximately 2 years and 4 months later. Missouri statute of limitations for assault and battery, Mo. Rev. Stat. § 516.140, provides for a two-year statute of limitations. Plaintiff fails to cite any authority for his argument that the Missouri statute of limitations is tolled pending exhaustion of administrative remedies. Rather, a review of Missouri law indicates the statute of limitations is not tolled pending exhaustion of administrative remedies; rather, the remedy provided by the legislature allows for an inmate to seek a stay of a timely filed lawsuit, not the tolling of the statute of limitations. *Cooper v. Minor*, 16 S.W.3d 578, 582 (Mo. en banc 2000). Although the issues in the Missouri *Cooper* case dealt with a different state statute than the assault and battery statute at issue in this case, the tolling issue as to whether an applicable state statute of limitations is tolled for purposes of an inmate seeking exhaustion of his administrative remedies is the same. The Missouri Supreme Court held in *Cooper* that a stay of a timely filed suit, pursuant to the applicable statute of limitations, adequately protects an inmate against statute of limitations running prior to exhaustion of administrative remedies. *Id.* Plaintiff cannot avoid the consequences of the state statute of limitations and its lack of tolling for exhaustion of administrative remedies by subsequently filing a federal claim and tacking his state cause of action onto it.

Because the court finds that plaintiff's claims were untimely filed under the applicable Missouri statute for assault and battery, section 516.140, providing for a two-year statute of limitation, it is unnecessary for the court to address the parties' arguments as to the

applicability of section 516.145, which provides for a one-year statute of limitations for claims filed against Department of Corrections' employees who were acting in their official capacities. Moreover, the court notes that tolling is also not applicable to claims under section 516.145. *Id.*

Plaintiff's claims alleging a state cause of action for assault and battery are untimely filed and defendant's motion for summary judgment as to such claims should be granted. The court finds it unnecessary to reach defendant's further arguments for dismissal of such state claims.

IT IS, THEREFORE, ORDERED that defendant Rude's motion for summary judgment is granted, in part, and denied, in part [84]. It is

ORDERED that defendant's motion for summary judgment is granted as to plaintiff's state law claims for assault and battery, and such claims are dismissed. It is further

ORDERED that defendant's motion for summary judgment is denied as to plaintiff's claims of excessive use of force and deliberate indifference to a serious medical need.


/s/

NANETTE K. LAUGHREY
United States District Judge


Dated: November 7, 2005
Jefferson City, Missouri

7