IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| ANDRE BOLIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-4245-CV-C-NKL |
| | ) | |
| CHRISTOPHER RUDE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Andre Bolin's ("Bolin") Motion for New Trial [Doc. # 143]. For the reasons set forth below, the Court denies Bolin's Motion.

**I.  Background**

Bolin was an inmate in the Missouri Department of Corrections ("DOC") and Christopher Rude ("Rude") was a prison guard responsible for supervising Bolin. In his Complaint, Bolin alleged that Rude intentionally slammed the door of a food port on Bolin's finger and severed it. In December 2005, a jury returned a verdict in favor of Rude and Bolin subsequently filed his pending Motion.

**II.  Discussion**

A new trial is warranted when the initial trial results in a "miscarriage of justice." *Harris v. Sec'y, U.S. Dep't of the Army*, 119 F.3d 1313, 1318 (8th Cir. 1997). Such a miscarriage of justice may be the result of "a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial . . . ." *Gray v. Bicknell*, 86 F.3d 1472,

1

1480 (8th Cir. 1996). To determine if the new trial should be granted, "the trial court can rely on its own reading of the evidence – it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict." *Harris*, 119 F.3d at 1318 (quoting *Ryan v. McDonough Power Equip., Inc.*, 734 F.2d 385, 387 (8th Cir. 1984)). In order to grant a new trial based on trial court error, the Court must determine that the evidentiary or instructional ruling was so prejudicial that retrial would likely produce a different result. *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1200 (8th Cir. 1990).

Bolin asserts four points of error that he claims warrants a new trial: (1) the verdict was contrary to the law and the evidence; (2) the verdict was contrary to the weight of the evidence; (3) the Court erred in excluding the affidavit of Michael Gordon ("Gordon"); and (4) the Court erred in giving two jury instructions, which are identified in Bolin's Motion. Bolin does not explain his first two alleged points of error and he offers no suggestions in support of them. It is clear from the record that there is ample evidence to support the jury's verdict.

### A.  The Affidavit of Michael Gordon

Gordon was a corroborating witness for Bolin during the jury trial and he provided live testimony, via video link, before the jury. The Affidavit offered by Gordon closely paralleled the testimony given by Gordon during the trial and Bolin has failed to assert why Gordon's Affidavit was necessary to support his claim. The Court fails to see how Gordon's Affidavit would have aided Bolin in light of the fact that he testified during the

trial and his testimony was consistent with the Affidavit. In his Motion, Bolin fails to submit any arguments in support of this contention. Moreover, Bolin has failed to explain in his Motion how the admittance of Gordon's Affidavit into evidence could have possibly influenced the outcome of his trial. Accordingly, the Court will deny this basis for Bolin's Motion.

### B. Jury Instructions

#### 1. *Verdict Director*

Bolin first asserts that the Court charged the jury with an erroneous verdict director. The director given by the Court is as follows:

**INSTRUCTION NO. 11**

Your verdict must be for the plaintiff on his claim of excessive use of force if all of the following elements have been proved by the greater weight of the evidence:

*First*, the defendant closed the food port door on the plaintiff's finger, and

*Second*, the use of such force was excessive and applied maliciously and sadistically for the very purpose of causing harm, and

*Third*, as a direct result, the plaintiff was damaged.

In determining whether the force, if any, was excessive, you must consider such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of the injury inflicted, and whether the force was used to achieve a legitimate purpose or wantonly for the very purpose of causing harm. "Maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

If any of the above elements has not been proved by the greater weight of the

3

evidence, then you verdict must be for the defendant.

*See* Jury Instructions [Doc. # 137] at p. 14. The draft submitted by Bolin only slightly varied from the final version given by the Court. First, Bolin's draft instruction uses the term "unnecessary" in lieu of "excessive" in the second element of the verdict director and the explanatory paragraph following the elements. *See* Pl. Proposed Jury Instructions [Doc. # 137]. Second, Bolin's draft uses the phrase "preponderance of the evidence" rather than the phrase "greater weight of the evidence." *Id.*

Eighth Circuit Model Jury Instruction (Civil) No. 4.30 outlines the verdict director for excessive force cases where the plaintiff is a convicted prisoner. *See* 8th Cir. Model Instr. 4.30. The boilerplate language in Model Instruction 4.30 uses the term "excessive" in those places noted above. The Comments to the Model Instruction indicate that the term "unnecessary" may be used in lieu of "excessive" if no force at all was appropriate. *Id.* at n. 5 ("If no force at all was appropriate, the term 'excessive' could be replaced with 'unnecessary.'"). However, this is clearly permissive language and the Model Instruction does not mandate the use of the term "unnecessary." Moreover, even assuming this was error, there is no indication it would have influenced the jury's evaluation of Bolin's claim.

The Court also rejects Bolin's contention that using the phrase "greater weight of the evidence" instead of "the preponderance of the evidence" is somehow error. Model Instruction 4.30 clearly contemplates that a court may use either phrase to define the standard of proof. This is not surprising given that the standards constitute the same

4

burden of proof that must be sustained by a plaintiff.

The Court's verdict director was clearly within the parameters set forth in Model Instruction No. 4.30. Accordingly, the Court rejects Bolin's assertion that the verdict director somehow warrants a retrial on his claim.

### 2. *Nominal Damage Instruction*

Bolin also challenges the nominal damage instruction given the Court. The instruction given by the Court read:

**INSTRUCTION NO. 16**

> If you find in favor of the plaintiff under either Instruction No. 11 or 12, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

*See* Jury Instructions [Doc. # 137] at p. 19. The only difference between the instruction given by the Court and the instruction proffered by Bolin was that Bolin's submission advocated a nominal amount of ten dollars ($10.00) rather than one dollar ($1.00). *See* Pl. Proposed Jury Instructions [Doc. # 135].

Eighth Circuit Model Jury Instruction 4.50B addresses nominal damages and clearly states that one dollar ($1.00) is the favored amount to be charged to the jury and Bolin does not submit any authority to the contrary. *See* 8th Cir. Model Instr. 4.50B. Therefore, it was not error for the Court to use this amount rather than the higher amount submitted by Bolin. Also, there has been no showing of prejudice because the jury found in favor of the Defendant.

5

The Court cannot reasonably conclude that there was error, much less that a "miscarriage of justice" has occurred. *Harris*, 119 F.3d at 1318 (setting forth "miscarriage of justice" standard). Therefore, the Court will deny Bolin's Motion.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Bolin's Motion for a New Trial [Doc. # 143] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

DATE: January 27, 2006
Jefferson City, Missouri